Mr. Justice Smith
delivered the opinion of the court.
This was an action of assumpsit brought' in the circuit court of Kawamba by the defendant in error, who was the payee, against the plaintiff as drawer. The bill was accepted by the drawee, Thomas B. Richards of Mobile, who refusing to pay it when it became due, notice of the dishonor was sent by post to Aberdeen.
On the trial, the grounds relied on by the defendant were want of presentment of the bill for payment, and of sufficient notice to the drawer of its dishonor.
After the evidence was closed, several instructions were given to the jury in regard to the principles of law applicable to the issue between the parties. These instructions present the only questions which it will be necessary for us to decide.
. The first instruction given at the request of the plaintiff, was in the following words, viz.: “If the jury believe from the evi *543 dence that Richie had no funds on the 4th day of March, 1844, (the day on which the draft became due,) in the hands of Richards, the acceptor, to meet the bill, then in that case Richie was not entitled to notice, but was liable without it.”
In order to charge the drawer or indorser of a bill of exchange, it is necessary that the holder should give him due notice of the refusal of the drawee to pay the same on presentation. This is the general rule, but to it there are certain recognized exceptions.
In an action against the drawer of a bill which has been dishonored, in order to relieve against the consequences of a failure to give notice of such dishonor, the plaintiff may show that defendant, “ from the time of making it, to the time when it was due, had no property or effects whatever in the hands of the drawee or acceptor, and had no right upon any other ground to expect that the bill would be paid by him.” Chitty on Bills, 468; Cook v. Martin, 5 S. & M. 379; Dickens v. Beal, 10 Peters, 572. This instruction was therefore manifestly erroneous.
The first instruction requested by the defendant was improperly refused by the court.
In this case the bill was accepted by the drawee, who, thereby became primarily liable. Heylyn v. Adamson, 2 Burr. 674; Smith v. Knox, 3 Esp. Rep. 47. The acceptance of the bill raised the presumption that the drawee had funds in his hands belonging to the drawer. •
But it is insisted that these charges were-modified by those subsequently given by the court, and. that the whole taken together presented ' the' principles of law, applicable to' the case, properly to the jury. . •
The first of these lays down the rule-that the’drawer of a protested bill-of exchange is not entitled to notice of .non-payment; - unless he had funds in the hands of the acceptor at the time it became due, or unless he had good reason to believe that he would have funds at that time.
The second, that if the drawer had no funds in the hands of the acceptor at the time the bill was due, it was incumbent on him, in order to avail himself of the consequences of a want of notice, to show that he had reasonable grounds to expect that he *544 would have funds in the hands of the acceptor at the maturity of the bill.
And the third charge states the rule to be, that if the drawer had reasonable grounds to expect that he would have funds in the hands of the acceptor at the maturity of the bill, he was entitled to notice of its non-payment by the acceptor.
The two first of these charges are incorrect. Proof that the defendant had no funds in the possession of the acceptor, at the time the bill was payable, did not dispense with the want of notice, nor throw upon him the onus of proving that he had reasonable grounds to expect that the bill would be paid on presentation.
The last charge was intended as a modification of the previous instructions, and could not have been understood by the jury as a direct or virtual denial of the principles of law therein stated. This charge, unconnected with the preceding instructions, was not obnoxious on the part of the defendant, but, connected with them, it did not exclude the assumption that it was incumbent on the defendant, upon proof being made that he had no funds in the hands of the acceptor at the maturity of the bill, to show that he had a right to expect that it would be paid. This the defendant was not bound to do, to make his defence, for want of notice, available, especially as the evidence showed that the drawee had accepted the bill, which prima fade entitled him to notice.
The judgment must be reversed and a new trial granted.